104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
PLANNED PROPERTIES LIMITED, Plaintiff-Appellee,
v.
IMREX COMPUTER SYSTEMS INC., Defendant-Appellant.
 No. 95-9296.
 United States Court of Appeals, Second Circuit.
 Sept. 4, 1996.
 
 Richard Eisenberg, Great Neck, NY.
 John G. Kissane, Watson, Farley & Williams, N.Y., NY.
 Present: MESKILL, KEARSE, MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was submitted by counsel for appellant and argued by counsel for appellee.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Defendant Imrex Computer Systems, Inc. ("Imrex"), appeals from a judgment of the United States District Court for the Eastern District of New York, Jack B. Weinstein, Judge, enforcing a British judgment obtained by plaintiff Planned Properties Limited ("Planned Properties") after Imrex's default in Planned Properties' suit for breach of contract. On appeal, Imrex contends principally (a) that the district court erred in enforcing the British judgment because if Imrex had not consented to the inclusion of a forum selection clause in its contract with Planned Properties, Imrex would not have been amenable to suit in Great Britain, and (b) that the forum selection clause itself should not be enforced. The fact remains that Imrex did agree to the clause, which stated that Imrex "hereby submits to the exclusive jurisdiction of the High Court of Justice of England and Wales to the exclusion of all other jurisdictions ...," and Imrex has presented no basis for a conclusion that the clause was unreasonable. We regard Imrex's arguments on the present appeal as entirely frivolous.
 
 
 4
 The judgment of the district court is affirmed.
 
 
 5
 Planned Properties, whose brief on appeal requested an award of costs and attorneys' fees, is free to make a proper motion under Fed. R.App. P. 38 for such an award.